**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | Crim. No.: 03-cr-00844 (KSH) |
| v. | |
| SAMIR MOSES, *Defendant.* | **OPINION** |

### I.      Background

Following his guilty plea to a single count of racketeering, the Court sentenced defendant Samir Moses to 336 months' imprisonment.  He is currently incarcerated in Illinois at USP Thomson, and he is scheduled to be released on April 10, 2030.  In the application presently before the Court (D.E. 912), he has sought a reduction in sentence on compassionate release grounds due to the COVID-19 pandemic coupled with an underlying medical condition of a systolic heart murmur.  The government has opposed.  (D.E. 920.)

### II.      Legal Standard

The Court may modify a term of imprisonment only under limited circumstances.  *In re Morris*, 345 F. App'x 796, 797-98 (3d Cir. 2009) (citing 18 U.S.C. § 3582(c)).  Under 18 U.S.C. § 3582(c)(1)(A), the sentencing court may grant a defendant's motion for a reduction of sentence only if the motion was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau

1

of Prisons to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility."  No exceptions to the exhaustion requirement are listed in the statute.

If that exhaustion requirement is met, the Court may reduce a defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]," if the Court finds that: (i) "extraordinary and compelling reasons warrant such a reduction"; and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A)(i)-(ii).

## III.    Discussion

Resolution of Moses's application turns on whether he has exhausted his administrative remedies as required by § 3582(c)(1)(A).  When, as here, a defendant makes no claim nor provides any documentation that he or she has petitioned the Bureau of Prisons ("BOP") for compassionate release, the Court is deprived of jurisdiction to entertain such request.  In *United States v. Harris*, 973 F.3d 170 (3d Cir. 2020), the Third Circuit addressed this issue and held that "[a] prisoner may file a motion for compassionate release with the sentencing court 'after [he or she] has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf *or* the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, *whichever is earlier*.'"  *Id.* at 171 (quoting 18 U.S.C. § 3582(c)(1)(A)).  *See also U.S. v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

2

In his application, Moses does not claim to have filed a request with the BOP, nor does he suggest that any request for release was denied by the warden of USP Thomson.  To cure the jurisdictional shortcomings of his motion, Moses must present evidence that demonstrates he exhausted the administrative remedies available to him, or submit documentation that at least 30 days have passed since he filed a request for compassionate release. Accordingly, Moses's motion for compassionate release is denied.

## IV.    Conclusion

The application (D.E. 912) is denied without prejudice and an appropriate order will issue.

Dated:  January 11, 2021                          /s/ Katharine S. Hayden_____
                                                  Katharine S. Hayden, U.S.D.J.